**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**ASHLAND**

**CRIMINAL NO. 0:19-CR-9-DLB**

**UNITED STATES OF AMERICA**                                                                  **PLAINTIFF**

**VS.**

**KELLI R. BOWEN**                                                                                    **DEFENDANTS**

## MOTION TO AMEND JUDGMENT

\* \* \* \* \*

Defendant pleaded guilty to the sole count on the Information charging embezzlement by a Bank Employee in violation of 18 U.S.C. § 656. [R. 10.] Defendant was subsequently sentenced to time served, supervised release, and ordered to pay $43,450.41 in restitution to Louisa Community Bank. [R. 16.] The United States has received notice that Louisa Community Bank has been dissolved. As such, the United States requests an amendment of the judgment.

Upon conviction of a Title 18 or fraud offense, the Mandatory Victims Restitution Act requires the Court to order a defendant to "make restitution to any victim of such offense, or if the victim is deceased, to the victim's estate." 18 U.S.C. § 3663(a)(l)(A). A victim is "a person directly and proximately harmed" by the offense, conspiracy, scheme, or pattern. 18 U.S.C. § 3663(a)(2). In the case of a decedent victim or a dissolved business, "the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, may assume the victim's rights." *Id.* As such, the victim retains a property interest in any order of restitution upon entry of judgment. *See United States v.*

*Bruce,* 2011 WL 1877732 *10 (6th Cir. May 17, 2011); *United States v. Kollintzas,* 501 F.3d 796, 803 (7th Cir. 2007) (discussing wife's interest in restitution owed to decedent husband). Furthermore, this Court has authority to amend the judgment if a clerical error exists. Fed. R. C. P. Rule 36.

On October 25, 2019, shortly after sentencing in this matter, the Kentucky Department of Financial Instruments closed Louisa Community Bank and appointed the Federal Deposit Insurance Corporation as receiver. *See* Exhibits A, B. As such, Louisa Community Bank no longer exists.

Therefore, the United States requests the Court amend the judgment, [R. 16, p. 6.], to remit any restitution distributions to "FDIC as Receiver for Louisa Community Bank [Restitution Payments], P.O. Box 971774, Dallas, Texas 75397."

A Proposed Order is tendered herewith.

> Respectfully submitted,
>
> ROBERT M. DUNCAN, JR.
> UNITED STATES ATTORNEY
>
> /s Rajbir Datta
> Assistant United States Attorney
> 260 W. Vine Street, Suite 300
> Lexington, Kentucky 40507
> Phone: (859) 685-4923
> fax:  (859) 233-2533
> e-mail: rajbir.datta@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 19, 2019, the foregoing was electronically filed through the CM/ECF system, which will send notice of the filing to counsel of record

    /s/ Rajbir Datta
Rajbir Datta
Assistant United States Attorney